IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MYRTLE ALEXANDER, individually and in her capacity as a participant in the DOLLAR TREE RETIREMENT SAVINGS PLAN,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.; THE ADMINISTRATIVE COMMITTEE OF THE DOLLAR TREE RETIREMENT SAVINGS PLAN; and DOES NOS. 1-10,<br><br>Defendants. | Case No.: 2:22-cv-00198<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE<br><br>May 10, 2022 |

**PRELIMINARY STATEMENT**

1. Plaintiff, Myrtle Alexander ("Plaintiff"), individually and in her capacity as a participant in the Dollar Tree Retirement Savings Plan ("Plan"), brings this action against Defendants, Dollar Tree, Inc. ("Dollar Tree"), the Administrative Committee of the Dollar Tree Retirement Savings Plan ("Committee"),[1] and Does Nos. 1-10 (collectively, "Defendants"), for failure to comply with Plaintiff's written demands for documents under which the Plan is established or operated. Section 104(b)(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, provides that the Plan's administrator must, "upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Further, Section 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(B), as supplemented by current Federal Regulations, provides that,

---

[1] The identity of the Committee is alleged upon information and belief; however, the legal name of the Committee is not publicly disclosed. Plaintiff will move at the appropriate time to correct the name of the Committee in the operative complaint.

1

if the administrator fails to comply with such a request within 30 days, the court is authorized to award damages to the participant or beneficiary making such request in the amount of up to $110 per day from the date of such failure or refusal, or order other such relief as the court deems proper.

## THE PARTIES

2. Plaintiff is a current participant in the Plan, as defined under Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

3. Dollar Tree, Inc. is a Virginia corporation headquartered in Chesapeake, Virginia. Dollar Tree operates discount stores across the United States and Canada. Dollar Tree is the plan sponsor, plan administrator, and a fiduciary of the Plan under ERISA Sections 3 and 402, 29 U.S.C. §§ 1002, 1102.

4. The Committee has the full and complete authority, responsibility, and control over the management, administration, and operation of the Plan. The Committee also administers the Plan and is a named fiduciary and/or a fiduciary to the Plan under ERISA Sections 3 and 402, 29 U.S.C. §§ 1002, 1102. The Committee maintains its address at Dollar Tree's corporate headquarters in Chesapeake, Virginia. The Committee and its members are appointed by Dollar Tree to administer the Plan on Dollar Tree's behalf.

5. Does Nos. 1-10 are individual members of the Committee and/or other fiduciaries of the Plan whose identities are presently unknown. Plaintiff is currently unable to determine the membership of the Committee despite reasonable and diligent efforts. As such, these parties are named as Does 1-10 as placeholders. Plaintiff will move, pursuant to Federal Rule of Civil Procedure 15, to amend this Complaint to name the members of the Committee and other responsible fiduciaries as defendants as soon as their identities are discovered.

## JURISDICTION AND VENUE

6. Pursuant to ERISA Section 502(c), 29 U.S.C. §§ 1132(c), Plaintiff seeks relief for Defendants' failure and refusal to respond to Plaintiff's proper request for information pursuant to Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States.

8. Venue is proper in this District pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e), and 28 U.S.C. § 1391 because Dollar Tree's principal place of business is in this District and a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this District.

## BACKGROUND FACTS

9. On July 28, 2021, pursuant to Section 104(b) of ERISA, 29 U.S.C. § 1024(b)(4), and Plaintiff's desire to review documents and information regarding the Plan, Plaintiff's counsel sent a letter ("Initial Letter") via certified mail to the Plan's administrator, Steve Terry ("Plan Administrator"), to request information and documents regarding the Plan for the period between July 28, 2015 through the present ("Relevant Period").

10. In the Initial Letter, Plaintiff made a request for copies of the written instruments (as defined by Section 402(a) of ERISA, 29 U.S.C. §1102(a)) governing or pertaining to the Plan. The documents sought by this request in the Initial Letter included the Plan's group annuity contracts, group funding agreements, contracts with its service providers (collectively, "the Providers"), trust agreements, investment policy statements, investment management contracts, financial services contracts, and fee disclosures received by the Plan.

11. In the Initial Letter, Plaintiff also made a request for notices regarding Plan amendments or alterations to any of the Plan's instruments, prospectuses for the Plan's investment options, fee benchmarking reports and bids for services to the Plan, minutes of trustee meetings, the amount of direct fees and indirect fees received by the Providers and any related entities, the amount of direct and indirect fees received by other service providers to the Plan, and the amount of revenue sharing payments associated with the Plan's investments and whether revenue sharing payments were credited to the benefit of the Plan and its participants and beneficiaries through a plan expense reimbursement account or otherwise.

12. Finally, in the Initial Letter, Plaintiff also made a request for fiduciary warranties issued with respect to the Plan, the names of all fiduciaries to the Plan, the names of service providers that assume fiduciary responsibility with respect to the Plan's investments, the amount of any separate account or wrap fees charged to the Plan, the share classes and expense ratios associated with mutual fund investments in the Plan, the procedures adopted by the Plan and its fiduciaries governing the management or operation of the Plan, documents evidencing any delegation of fiduciary responsibility, communications with Plan participants and beneficiaries, minutes of meetings of the Committee, and presentations, reports, studies, or any other documents received by the Committee and its members, or similar governing entities of the Plan, in connection with Plan management.

13. The Initial Letter was received by Defendants at Dollar Tree's corporate headquarters on August 4, 2021, according to a certified mail receipt signed by Crystal Ustick, an authorized employee of Dollar Tree.

14. Pursuant to Section 104(b) of ERISA, 29 U.S.C. § 1024(b)(4), Defendant was required to provide the requested Plan documents and information on or before September 5,

2021, 30 days after receipt of the letter.  In the Initial Letter, Plaintiff's counsel offered to provide additional time for Defendants to comply with their obligation to provide documents and information.

15.     Neither Plaintiff nor her counsel indicated in the Initial Letter received any form of response from Defendants.

16.     After receiving no response from Defendants for more than 85 days, Plaintiff's counsel sent a follow-up letter ("Follow-Up Letter") by certified mail on November 29, 2021, making the same request and requesting a response within 30 days.  The Follow-Up Letter enclosed the Initial Letter and certified mail receipt confirming Defendants' receipt of the Initial Letter.

17.     The Follow-Up Letter was received by Defendants at Dollar Tree's corporate headquarters on December 3, 2021, according to a second certified mail receipt signed by Crystal Ustick, an authorized employee of Dollar Tree.

18.     As of the date of the filing of this Complaint, more than 279 days have elapsed since Defendant received Plaintiff's Initial Letter requesting documents on August 4, 2021.  Neither Plaintiff nor her counsel has received any response from Defendants to date.

19.     Plaintiff is entitled to the requested documents under Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

20.     Notwithstanding the requests made in the Initial Letter and Follow-Up Letter, Defendants failed and effectively refused to provide Plaintiff with copies of the requested Plan documents and information to which she is entitled.

21. Since Defendants have failed and effectively refused to provide Plaintiff with the documents and information to which she is entitled, Plaintiff is also entitled to an appropriate statutory amount Section 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(B).

**FIRST CLAIM FOR RELIEF**
**Failure to Provide Requested Plan Documents Under**
**ERISA §§ 104(b)(4) and 502(c), 29 U.S.C. §§ 1024(b)(4), 502(c)(1)(B)**

22. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 21, inclusive, as if they were fully set forth herein.

23. Defendants have failed and refused to provide Plaintiff with documents and information she requested and to which she is entitled under Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

24. Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), requires Defendants, as plan administrators, to honor an appropriate written request of any participant or beneficiary within 30 days for a copy of any "instrument under which the [employee benefit plan and trust] is established or operated."

25. Defendants failed to comply with Plaintiff's duly made requests for documents and information.

26. Despite Plaintiff's multiple written requests, Defendants, in bad faith, have provided no response, thereby violating Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), and prejudiced Plaintiff's efforts to better understand and safeguard her retirement plans.

27. Section 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(1)(B), supplemented by current Federal Regulations, provides for penalties of up to $110 per day against a plan administrator for the administrator's "failure or refusal" to provide any of the plan documents which the administrator is required by law to provide to participants and beneficiaries.

28. Pursuant to ERISA 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), this Court should assess penalties of $110 per day against Defendants for their failure to comply with Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), by providing Plaintiff the duly requested documents and information to which she is entitled.

29. Defendants are liable to Plaintiff for a civil penalty of $110 per day commencing September 5, 2021, 30 days after August 4, 2021, and continuing to the date of judgment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

(a) Declaratory and injunctive relief finding that Plaintiff is entitled to statutory damages in the amount of $110 per day starting September 5, 2021, for Defendants' failure and refusal to provide plan documents and information required by Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4);

(b) Pre-judgment and post-judgment interest at the maximum permissible rates, whether at law or in equity;

(c) Attorneys' fees, costs and other recoverable expenses of litigation; and

(d) Such further and additional relief to which the Court deems appropriate and just under all of the circumstances.

DATED: May 10, 2022                                          Respectfully Submitted,

*/s/ Glenn E. Chappell*
Glenn E. Chappell (Bar No. 92153)
Jonathan K. Tycko*
TYCKO & ZAVAREEI LLP
1828 L Street NW, STE 1000
Washington, D.C. 20036

Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: gchappell@tzlegal.com
      jtycko@tzlegal.com

James E. Miller*
Laurie Rubinow*
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
      lrubinow@millershah.com

James C. Shah*
Alec J. Berin*
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
      ajberin@millershah.com

Kolin C. Tang*
MILLER SHAH LLP
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Mark Xiao*
MILLER SHAH LLP
225 Broadway, Suite 1830
New York, NY 10007
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: mxiao@millershah.com

Joseph Kamenshchick*
KAMENSHCHICK L.L.C.
94 Gardiners Ave #182
Levittown, NY 11756
Telephone: (917) 719-1102

Facsimile: (718) 764-6406
Email: lawyer@kcounsel.com

***Attorneys for Plaintiff***

*\*pro hac vice application forthcoming*